IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JERRY DEAN CARTER, | ) CIVIL NO. 18-00178 HG-RLP |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION THAT<br>) THE DISTRICT COURT GRANT |
| vs. | ) PLAINTIFF'S APPLICATION TO<br>) PROCEED WITHOUT PREPAYMENT OF |
| IVAN VAN LEER, | ) FEES AND DISMISS THE COMPLAINT<br>) WITH PREJUDICE |
| Defendant. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT
OF FEES AND DISMISS THE COMPLAINT WITH PREJUDICE[1]

Before the Court is Plaintiff Jerry Dean Carter's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), filed on May 16, 2018.  ECF No. 3. Plaintiff filed his Complaint on the same day.  See ECF No. 1. After careful consideration of Plaintiff's Application and the Complaint, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Application and DISMISS the Complaint with prejudice.

DISCUSSION

**I.   The Court RECOMMENDS that the District Court GRANT Plaintiff's Application.**

Courts may authorize the commencement of any suit

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). For purposes of determining whether to grant an application to proceed without prepayment of fees, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).

Here, Plaintiff's Application states that he receives $830 in retirement benefits and $170 in public assistance per month. ECF No. 3 at 2. Further, Plaintiff states that he does not have any savings and has over $800 in monthly expenses. Id. at 3-5. Based on the information provided in Plaintiff's Application, the Court finds that Plaintiff has demonstrated that he is unable to pay court fees at this time and RECOMMENDS that the district court GRANT his Application. See 28 U.S.C. § 1915.

**II. The Court RECOMMENDS that the District Court DISMISS Plaintiff's Complaint With Prejudice.**

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the

dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Because Plaintiff is appearing pro se in this action, the Court liberally construes the pleadings. See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003). The Court has reviewed Plaintiff's Complaint and concludes that, even liberally construed, the Complaint fails to state a claim.

In his Complaint, Plaintiff alleges that Defendant was appointed by the Hawaii District Court of the Third Circuit, Hilo Division, as Plaintiff's defense counsel. ECF No. 1 at 5. Plaintiff alleges that Defendant failed to adequately represent him, failed to contact him, and failed to meet with Plaintiff as planned. Id. at 5-10. Plaintiff asserts claims for violations

of the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution and criminal claims pursuant to 18 U.S.C. §§ 1001(a)(1) and (2).  ECF No. 1.  The Complaint seeks damages of $5 million.  Id. at 5.

First, the Court finds that Plaintiff has failed to state a constitutional claim.  Under 42 U.S.C. § 1983, a plaintiff may bring an action for "the deprivation of any rights, privileges, or immunities secured by the Constitution" against a person acting "under color of any statute, ordinance, regulation, custom or usage, of any State."  42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must allege: (1) that the defendant acted under color of state law; and (2) that the defendant caused the plaintiff to be deprived of a right secured by the Constitution and laws of the United States.  See West v. Atkins, 487 U.S. 42, 48 (1988); Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009).

Here, Plaintiff's claims against Defendant arise from Defendant's role as Plaintiff's court-appointed counsel in connection with a state criminal action.  Case law is clear that court-appointed counsel are not acting under color of state law for purposes of Section 1983.  See Vermont v. Brillon, 556 U.S. 81, 91 (2009) ("assigned counsel ordinarily is not considered at state actor"); Georgia v. McCollum, 505 U.S. 42, 53 (1992) ("a public defender does not qualify as a state actor when engaged in

4

his general representation of a criminal defendant")(citation omitted); Jackson v. Brown, 513 F.3d 1057, 1079 (9th Cir. 2008). In his Complaint, Plaintiff alleges that Defendant failed to adequately represent him, contact him, and meet with him as planned. These allegations all involve a lawyer's traditional functions. Therefore, Defendant was not acting under color of state law. Because Defendant was not acting under color of state law, the Court RECOMMENDS that Plaintiff's Section 1983 claims for constitutional violations be DISMISSED for failure to state a claim.

Second, Plaintiff alleges that Defendant violated federal criminal statute 18 U.S.C. §§ 1001(a)(1) and (2). See ECF No. 1 at 2. However, a civil complaint cannot state a claim for violation of a criminal statute. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Sulla v. Horowitz, Civil No. 12-00449 SOM/KSC, 2012 WL 4758163, at *3 (D. Haw. Oct. 4, 2012) ("federal criminal law [can] be enforced only by a federal prosecutor, not by any private party"). Accordingly, the Court RECOMMENDS that Plaintiff's criminal claims be DISMISSED for failure to state a claim.

Finally, the Court FINDS that it is clear that no amendment can cure the defects detailed above and RECOMMENDS that Plaintiff's Complaint be DISMISSED WITH PREJUDICE. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("[u]nless it is

5

absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend"); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Application to Proceed Without Prepayment of Fees and DISMISS Plaintiff's Complaint WITH PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MAY 25, 2018.



Richard L. Puglisi
United States Magistrate Judge

**CARTER V. VAN LEER; CIVIL NO. 18-00178 HG-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISS THE COMPLAINT WITH PREJUDICE**